# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00405-CV

**AnnaMarie Sherbin, Appellant**

**v.**

**Carmen Laverne Wunsch, Appellee**

## FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
## NO. C2003-0058A, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant AnnaMarie Sherbin sued appellee Carmen Laverne Wunsch and several others for negligence, complaining of injuries she suffered in a traffic accident. Wunsch filed a motion for no-evidence summary judgment, which the trial court granted, severing Sherbin's claims against Wunsch into a separate cause. Sherbin appeals, asserting that she produced evidence raising a fact question as to the essential elements of her claim. We affirm the trial court's judgment.

A defendant seeking a no-evidence summary judgment must assert that there is no evidence of at least one essential element of the plaintiff's claim, specifying the elements under attack.[1] Tex. R. Civ. P. 166a(i). "A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary

---

[1] The elements of a negligence claim are: (1) breach of (2) a legal duty owed to another, and (3) damages proximately caused by the breach. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). Proximate cause requires cause in fact and foreseeability; harm is foreseeable if a person of ordinary intelligence should have anticipated the danger her negligence created for others. *Id*. (quoting *El Chico Corp. v. Poole*, 732 S.W.2d 306, 313 (Tex. 1987)).

judgment as we apply in reviewing a directed verdict." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). Thus, we will affirm a no-evidence summary judgment if (a) there is a complete absence of evidence of a material fact; (b) the trial court was barred by statute or rules of evidence from giving weight to the only evidence proving a material fact; (c) the evidence offered to prove a material fact amounts to no more than a mere scintilla; or (d) the evidence conclusively establishes the opposite of the material fact. *See City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005) (discussing "no-evidence points" and quoting Robert W. Calvert, *"No Evidence" & "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361 (1960)). We view the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences unless a reasonable fact finder could not. *See id.* at 827. Evidence amounts to more than a scintilla if it rises to a level that would allow reasonable and fair-minded people to differ in their conclusions. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). Evidence amounts to no more than a scintilla if it is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

On the morning of January 21, 2003, a thick cloud of dust suddenly obstructed the vision of drivers along I-35 in New Braunfels, leading to a pileup of thirty vehicles. The dust cloud apparently was caused by a construction company working with lime dust on the roadside. According to Sherbin's original petition, the cloud made "visibility all but non-existent," and three vehicles, which she alleged were driven by Wunsch and two others, collided and struck the back of the van in which Sherbin was a passenger. She alleged that Wunsch had operated her car at an excessive rate of speed for the conditions and failed to keep a proper lookout, turn her steering wheel to avoid a collision, maintain a reasonable distance between vehicles, or apply her brakes to

2

avoid a collision.  In her motion for summary judgment, Wunsch asserted that Sherbin could not show that Wunsch breached a duty that she owed to Sherbin.  Sherbin responded that there was a question of fact as to whether Wunsch acted reasonably and prudently in the moments before the accident and produced the police reports from the day of the accident, a transcript of a telephone conversation between Wunsch and someone named Doug Knoll, and medical records showing Sherbin's injuries.

In her conversation with Knoll,[2] Wunsch said she was driving on the highway when the dust cloud "just blinded everybody."  She said that she slowed down and that it "was just fortunate there was nobody really like right in front of me."  Wunsch said, "[W]hen I slowed down a little bit, the person behind me hit me and just kinda rammed me into, rammed me, and then, that's all I remember.  Then I remember other cars hitting me and, you know, pushing me."  She said "we were just like all really going slow," "[c]reeping forward," when she was rear-ended and pushed into the car in front of her.  Someone else hit the vehicle behind her, "somebody else hit me again," and "then a semi-truck hit me in the side, on my side and from then on I don't remember."  She said that being struck from behind "caused me to hit the front, the person in front of me because I was, at this point I had my brakes on" and "had no control over anything."

The police reports list all thirty vehicles involved in the accident and include a diagram of the accident scene drawn by a police officer.  Wunsch's vehicle, which is designated #11 on the diagram and reports, is shown on the diagram as being positioned between the two lanes

_____

[2] The transcript of this telephone conversation was attached without explanation to Sherbin's response to Wunsch's motion for summary judgment.  The transcript opens with Knoll introducing himself and Wunsch and stating that the conversation was taking place at about 6:00 p.m. on the day of the accident and was being recorded.  The record does not explain who Doug Knoll is or why he called Wunsch to question her about the accident.

of traffic.  Sherbin's van, #10, is shown angled sharply to the right between the right lane and the concrete side barrier of the highway.  Vehicle #12, a red pickup truck, is immediately behind Sherbin's van and touching the back right corner of the van, and Wunsch's car is sandwiched between vehicle #12 on her passenger side and a tractor-trailer on her driver's side.

Wunsch told Knoll that she struck a vehicle in front of her, but she did not describe the vehicle she struck in any way.  She said she was struck from behind when she slowed down to a crawl, causing her to be pushed into the vehicle in front, despite the fact that she was applying her brakes.  The police diagram shows Wunsch's car pinned between a pickup truck (vehicle #12) on her passenger side and a tractor-trailer on her driver's side.  It does not show that Wunsch's car made contact with Sherbin's van and instead shows that vehicle #12 was immediately behind and touching Sherbin's van.  Sherbin did not produce deposition testimony by Wunsch, affidavits or statements by police officers, or any other evidence raising a fact issue as to whether Wunsch's car contacted Sherbin's vehicle at all, much less whether her conduct was negligent.  Considering the police diagram and Wunsch's conversation with Knoll, Sherbin did not raise a fact issue as to whether Wunsch breached any duty she owed to Sherbin or was a proximate cause of her injuries.  We affirm the trial court's granting of summary judgment in Wunsch's favor.

_____

David Puryear,  Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed:   June 3, 2009

4